UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

KENNETH R. BURGETT,
BONNIE L. BURGETT,

Debtors.

_____//

Case No.:  BG 16-01532
Chapter 13
Hon. James W. Boyd
Filed:  March 23, 2016

## TRUSTEE'S OBJECTION TO SUPPLEMENT TO PROOF OF CLAIM FILED BY COMMUNITY INVESTMENT GROUP

**NOW COMES** Barbara P. Foley, Trustee, by and through her Attorney, Courtney K. Roberts, and for her *Objection to Memorandum – Supplement to Proof of Claim* filed August 30, 2021 states as follows:

1. Kenneth and Bonnie Burgett ["Debtors"] filed a petition under Chapter 13 of the United States Bankruptcy Code on March 23, 2016.  The case has never been converted, dismissed or reinstated, and is soon ready to close.

2. The Trustee is objecting to the supplement to the proof of claim because the amounts outstanding outlined in the supplement were never intended to be paid during the pendency of the bankruptcy.

3. The Chapter 13 plan was confirmed by Order entered October 26, 2016 [DN 41].

4. Prior to confirmation, Debtors and Creditor Community Investment Group ["CIG"] entered into a stipulation [DN 35] resulting in an Order [DN 36] dictating the treatment of CIG's claim.

   a. Although the Trustee was not a signatory to the stipulation, it called upon the Trustee to disburse monthly payments of $371.00 to CIG [DN 35 & 36].

1

b. CIG amended their proof of claim to assert a secured claim of $35,000.00 with an interest rate of 5% and a general unsecured claim of $7,788.48.

c. The stipulation also indicated that the parties would execute a new purchase agreement upon completion of Debtors' Chapter 13 plan for 120 months of payments of $371.00 per month, with credit given for disbursements made by the Trustee [DN 35 & 36].

5. The Chapter 13 plan was amended to treat the indebtedness to CIG as an executory contract [DN 37], and, because it treated the claim as an executory contract and did not treat the unsecured portion of the claim, the Trustee made no disbursements on the unsecured claim. 11 U.S.C. § 1327(a).[1]

6. However, to notify the parties regarding how much the Trustee has disbursed to CIG over the life of the plan, the Trustee filed a Notice of Final Cure on August 12, 2021 [DN 63], indicating that the Trustee had disbursed $24,115.00 to CIG over the life of the case.

7. On August 30, 2021, CIG filed a Memorandum – Supplement to Proof of Claim, relating back to Court's Claim #3, agreeing that the Trustee has faithfully disbursed the $371.00 per month called for under the Chapter 13 plan, and asserting that $16,903.07 is due on its secured claim. However, it also asserts that there is still a general unsecured claim of $7,788.48 outstanding.

8. Because there was no treatment for the general unsecured claim under the terms of the confirmed plan, and, even it if were, CIG would receive next to nothing under the terms of the plan on its general unsecured claim, the Trustee objects to the Supplement to Proof of Claim insofar as it implies a right to additional payment under the terms of the confirmed plan.

---

[1] CIG would have received pennies on the dollar even if the Trustee had disbursed. General unsecured creditors have received nothing in the case so far, and are sharing a $100.00 dividend [DN 59 & 61]].

9. Furthermore, to the extent that CIG is asserting that the $7,788.48 general unsecured claim should still be a collectable amount following the entry of any discharge order in the case, the Trustee objects to the supplement to the proof of claim, because it does not appear from the face of the stipulation entered into between Debtors and CIG that the general unsecured claim was agreed to be non-dischargeable [DN 35].

10. As she was not a signatory to the stipulation regarding the agreement between Debtors and CIG to enter into a new purchase agreement at the close of the bankruptcy [DN 35], the Trustee takes no position on the secured amount that CIG asserts should be the subject of a new purchase agreement following the completion of the bankruptcy.

**WHEREFORE,** the Trustee respectfully requests that this honorable Court disallow the Memorandum – Supplement to Proof of Claim relating back to Claim #3, insofar as it may be asserting a right to further payment under the terms of the confirmed plan, and grant such other relief as may be just and equitable.

Respectfully submitted,

BARBARA P. FOLEY
CHAPTER 13 TRUSTEE

August 31, 2021

/s/ Courtney K. Roberts
Courtney K. Roberts (P64717)
Attorney for Barbara P. Foley, Chapter 13 Trustee
P.O. Box 51109
Kalamazoo, MI  49005-1109
Phone:  (269) 343-0305
E-Mail: croberts@chpt13.com